UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 22-54243-jwc |
| DORSEY LEON HAMMOND, | ) | |
| | ) | |
| Debtor | ) | CHAPTER 7 |
| | ) | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | | |
| | ) | |
| DLP LENDING FUND, LLC, | ) | |
| | ) | ADVERSARY PROCEEDING |
| Plaintiff, | ) | NO. 23-05030 |
| | ) | |
| v. | ) | |
| | ) | |
| DORSEY LEON HAMMOND | ) | |
| | ) | |
| Defendant | ) | |

**ANSWER AND DEFENSES TO COMPLAINT TP DETERMINE WHETHER DEBTOR IS ENTITLED TO A DISCHARGE AND DISCHAREABILITY OF DEBTS**

COMES NOW Dorsey Leon Hammond, Debtor and Defendant herein ("Defendant"), and pursuant submits his answer and defenses to the *Complaint to Determine Whether Debtor is Entitled to a Discharge and Dischargeability of Debts* (the "Complaint") filed by DLP Lending Funds, LLC ("Plaintiff"), showing as follows:

**First Defense**
**(Responsive Pleadings)**

**Jurisdiction and Venue**

1. In response to Paragraph 1 of the Complaint, Defendant admits that the Court has jurisdiction of this action and that it is pending in connection with a bankruptcy case commenced by Defendant. Except as admitted herein, Defendant denies the remaining allegations of the first sentence of Paragraph 1 of the Complaint.

2. Defendant admits the allegations of Paragraph 2 of the Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

## Parties

4. Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint.

5. Defendant admits the allegations of Paragraph 5 of the Complaint.

6. Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7. Defendant admits that Flourish Home Investors, LLC ("Flourish") was a party to Purchase and Sale Agreements with 230 Goshen Investment Group, LLC ("Goshen"). Except as admitted herein, Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendant admits that Flourish executed ten (10) Security Deeds in favor of Plaintiff. Except as admitted herein, Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10. Defendant admits that Flourish executed ten (10) Notes in favor of Plaintiff and the Defendant executed guaranties of the Notes. Except as admitted herein, Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

12. Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

13. Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant admits that Flourish defaulted on the Notes and Defendant has not paid Plaintiff on account of the guaranties. Except as admitted herein, Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint.

16. Defendant admits the allegations of Paragraph 16 of the Complaint.

17. Defendant admits the allegations of Paragraph 17 of the Complaint.

18. Defendant admits the allegations of Paragraph 18 of the Complaint.

19. Defendant admits the allegations of Paragraph 19 of the Complaint.

20. Defendant admits the allegations of Paragraph 20 of the Complaint.

21. Defendant admits the allegations of Paragraph 21 of the Complaint.

22. Defendant admits the allegations of Paragraph 22 of the Complaint.

23. Defendant admits the allegations of Paragraph 23 of the Complaint.

24. Defendant admits the allegations of Paragraph 24 of the Complaint.

25. Defendant admits the allegations of Paragraph 25 of the Complaint.

26. Defendant admits the allegations of Paragraph 26 of the Complaint.

27. Defendant admits indebtedness to Plaintiff. Except as admitted herein, Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Defendant denies the allegations of Paragraph 31 of the Complaint.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant denies the allegations of Paragraph 34 of the Complaint.

35. Defendant denies the allegations of Paragraph 35 of the Complaint.

**Entitlement to Discharge or to Discharge Debt**

36. The first sentence of Paragraph 36 of the Complaint does not allege facts to which Defendant must admit or deny. Defendant denies the allegations of the second and third sentences of Paragraph 36 of the Complaint.

37. Defendant admits indebtedness to Plaintiff, but is without information sufficient to form a belief as to the truth of the remaining allegations of the first sentence of Paragraph 37 of the Complaint. Defendant denies the allegations of the second and third sentences of Paragraph 37 of the Complaint.

**Count I**
**Action to Deny Dischargeability of Plaintiff's Debt Pursuant to 11 U.S.C. § 523(a)(2)**

38. Defendant incorporates his response to Paragraphs 1 through 37 as through set forth fully herein.

39. Defendant denies the allegations of Paragraph 39 of the Complaint.

40. Defendant denies the allegations of Paragraph 40 of the Complaint.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Complaint.

50. Defendant denies the allegations of Paragraph 50 of the Complaint.

51. Defendant denies the allegations of Paragraph 51 of the Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

55. Defendant denies the allegations of Paragraph 55 of the Complaint.

56. Defendant denies the allegations of Paragraph 56 of the Complaint.

57. Defendant denies the allegations of Paragraph 57 of the Complaint.

58. Defendant denies the allegations of Paragraph 58 of the Complaint.

59. Defendant denies the allegations of Paragraph 59 of the Complaint.

## Count II
### Action to Deny Dischargeability of Plaintiff's Debt Pursuant to 11 U.S.C. § 523(a)(6)

60. Defendant incorporates his response to Paragraphs 1 through 59 as through set forth fully herein.

61. Defendant denies the allegations of Paragraph 61 of the Complaint.

62. Defendant denies the allegations of Paragraph 62 of the Complaint.

63. Defendant denies the allegations of Paragraph 63 of the Complaint.

64. Defendant denies the allegations of Paragraph 64 of the Complaint.

## Count III
### Action to Deny Debtor's Discharge under § 727(a)(2)(A) Removing or Concealing Property Which Otherwise Would Have Been Available to Pay Debts

65. Defendant incorporates his response to Paragraphs 1 through 64 as through set forth fully herein.

66. Defendant denies the allegations of Paragraph 66 of the Complaint.

67. Defendant denies the allegations of Paragraph 67 of the Complaint.

68. Defendant denies the allegations of Paragraph 68 of the Complaint.

69. Defendant denies the allegations of Paragraph 69 of the Complaint.

70. Defendant denies the allegations of Paragraph 70 of the Complaint.

71. Defendant denies the allegations of Paragraph 71 of the Complaint.

72. Defendant denies the allegations of Paragraph 72 of the Complaint.

73. Defendant denies the allegations of Paragraph 73 of the Complaint.

74. Defendant denies the allegations of Paragraph 74 of the Complaint.

75. Defendant denies the allegations of Paragraph 75 of the Complaint.

## Count IV
### Action to Deny Debtor's Discharge under § 727(a)(4) for Failure to Keep or Preserve Records

76. Defendant incorporates his response to Paragraphs 1 through 75 as through set forth fully herein.

77. Defendant denies the allegations of Paragraph 77 of the Complaint.

78. Defendant denies the allegations of Paragraph 78 of the Complaint.

79. Defendant denies the allegations of Paragraph 79 of the Complaint.

80. Defendant denies the allegations of Paragraph 80 of the Complaint.

**Count V**
**Action to Deny Debtor's Discharge under § 727(a)(4) for Failure to Explain Loss of Assets to Pay Debts**

81.    Defendant incorporates his response to Paragraphs 1 through 80 as through set forth fully herein.

82.    Defendant denies the allegations of Paragraph 82 of the Complaint.

83.    Defendant denies the allegations of Paragraph 83 of the Complaint.

**Count VI**
**Reservation of Rights**

84.    Defendant incorporates his response to Paragraphs 1 through 84 as through set forth fully herein.

85.    Paragraph 85 of the Complaint does not allege facts to which Defendant must admit or deny. Defendant expressly denies that Plaintiff has any rights to amend its Complaint to assert new claims or has the right to assert any claims otherwise available to the bankruptcy estate.

**General Denial**

Any allegation not expressly admitted is denied.

**First Defense**

The Complaint fails to state a claim upon which relief may be granted under any theory arising in, arising under, based upon, or otherwise relying in any way upon *Husky International Electronics, Inc. v. Daniel Lee Ritz*, 136 S. Ct. 1581 (2016).

**Second Defense**

The Complaint fails to state a claim for relief under 11 U.S.C. § 523(a)(6).

**Third Defense**

The Complaint fails to state a claim for relief under 11 U.S.C. § 727(a)(2).

**Fourth Defense**

The Complaint fails to identify with the alleged income producing assets upon which Plaintiff asserts its claim for relief under 11 U.S.C. § 727(a)(2).

**Fifth Defense**

The Complaint fails to state a claim for relief under 11 U.S.C. § 727(a)(2) with respect to the any alleged concealment or disposition of assets of Flourish or any other non-debtor party.

**Sixth Defense**

The Complaint fails to state a claim for relief under 11 U.S.C. §§ 727(a)(3) and (a)(5).

**Seventh Defense**

The Complaint fails to allege fraud with particularity.

WHEREFORE, Defendant requests that the Court enter judgment in favor of Defendant and against Plaintiff on all claims alleged in the Complaint, and that the Court grant such other relief as is appropriate.

Dated: May 22, 2023

          LAMBERTH, CIFELLI,
          ELLIS & NASON, P.A.
          Attorneys for Defendant

          By: */s/ G. Frank Nason, IV*
              G. Frank Nason, IV
              Georgia Bar No. 535160

6000 Lake Forrest Drive, NW
Suite 435
Atlanta, Georgia 30328
(404) 262-7373
(404) 262-9911 (facsimile)

8

## Certificate of Service

This is to certify that I have on this day electronically filed the foregoing *Answer and Defenses to Complaint to Determine Whether Debtor is Entitled to a Discharge and Dischargeability of Debts* to using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program.

This 22nd day of May 2023

                                                /s/ *G. Frank Nason, IV*
                                                G. Frank Nason, IV

6000 Lake Forrest Drive, NW
Suite 435
Atlanta, Georgia 30328
(404) 262-7373